B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |

| PLAINTIFFS  Alton King Jr. | DEFENDANTS  James Coombs  Coldwell Banker LLC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)  ☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor    ☐ Other  ☐ Trustee | PARTY (Check One Box Only)  ☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor    ☒ Other  ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Breach of automatic stay §11 USC 362(a)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 53,000,000 |

Other Relief Sought  Injunctive relief - Order for turnover of property of debtor.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Alton King Jr | BANKRUPTCY CASE NO.<br>22-bk-30373 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE | NAME OF JUDGE ||
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF<br>Alton King Jr | DEFENDANT<br>James Coombs<br>Coldwell Banker LLC || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE<br>(EDK) |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Alton King J.* ||||
| DATE<br>10/19/2022 || PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## AT SPRINGFIELD

| | |
|---|---|
| In re:<br><br>ALTON KING JR., Debtor | Case No. 22-bk-30373 (EDK) |
| ALTON KING JR., an individual,<br>                                  Plaintiff,<br><br>-vs-<br><br>JAMES COOMBS, a natural person, and COLDWELL BANKER LLC, and persons or entities claiming by, through, or under such entity, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the properties described in the complaint adverse to Plaintiff's titles thereto; and DOES 1-50, Inclusive; | **ADVERSARY PROCEEDING**<br><br>ADV. NO.: _____<br><br>**COMPLAINT FOR DAMAGES FLOWING FROM BREACH OF AUTOMATIC STAY §11 USC 362(a), UNTETHERED REALTOR THEFT AND ABUSE, DECEIT, AND FOR INJUNCTIVE RELIEF.** |

COMES NOW debtor and plaintiff herein, ALTON KING JR., and respectfully alleges the following:

## INTRODUCTION

This is a case involving egregious abuse of this Court's issuance of an automatic stay to the filing Debtor, Alton King Jr., who filed for protection from creditors, yet nonetheless had the defendants herein enter his home, together and in concert with others as yet unidentified, removed his front door lock and installed their own, then installed a realtor "key box" for the purpose of providing trespass access to large numbers of persons unknown, all while taking the

1

debtor's personal goods, leaving Debtor out on the street with effectively nothing except the clothes on his back.

Debtor filed for protection from creditors by Petition number 22-bk-30373 (EDK), bearing a Court entry date and time stamp of October 13, 2022, at 8:46 AM. Thereafter, and despite actual or constructive knowledge of the Filing, Defendant JAMES COOMBS [hereinafter: "COOMBS"] took possession of the Property and, together and in concert with others, removed the lock customary to that door and replaced the mechanism with his own, and then on the recited front door installed his realtor lockbox and placed the key to debtor's front door inside, all with the intent of excluding Debtor and maintaining his own control over the Premises. At that point in time and to the date of filing of this Adversary Proceeding, now over five (5) days, Debtor has been excluded by defendant COOMBS from his home and his Personalty, including but not limited to his personal clothing including his underwear, his toiletries including but not limited to his toothbrush, Debtor's furniture, dishes and cutlery, his various food supplies including perishables, his kitchen, his typing instruments including implements intended to access the internet, his personal files, his banking records, and all of the vast quantity of possessions, books and records, personal documents including passport, stamps and coins, collectibles and memorabilia; in short, every last thing he owns.

Defendant COOMBS is, at all material times, a realtor employed or otherwise engaged by defendant COLDWELL BANKER LLC, [hereinafter: "COLDWELL"], by or through one of its myriad of companies and/or franchises using similar names including but not limited to the fictitious name COLDWELL BANKER REALTY, maintaining an office and place of business at 136 Dwight Rd., Longmeadow, MA 01106.

Defendants flatly refuse to return any of Debtor's goods to him. Defendants flatly refuse to unlock the lock-box to his Premises and restore him to his home. Defendants continue in this posture while knowing that Debtor is before this Federal Bankruptcy Court and that their acts, actions, and business practices are unlawful, without right or color of right, in flagrant disregard of this Court's Order, and contemptuous of this Court.

The conduct of the defendants has had and continue to have enormous deleterious impacts upon the plaintiff. Plaintiff is eighty (80) years old. Plaintiff has chronic medical conditions including heart conditions for which plaintiff needs his medications, which defendants and each of them have wrongfully and callously deprived Debtor, plaintiff herein. Plaintiff has been caused to suffer great stress and anguish, commensurate with his age and disabilities at age eighty.

Plaintiffs thus bring this Adversary Proceeding to seek relief by way of injunction and damages as against defendants. Plaintiff asks for Orders to oblige Defendants to appear before this Court to Show Cause why Sanctions should not be levied against them using *In Re Nosek*, , 386 B.R. 374 (Bankr. D. Mass 2008) as guidance, an Order of Restoration, and a Judgment for damages, special damages, and exemplary and punitive damages against the defendants and each of them.

## **COMPLAINT**

1. This adversary proceeding is brought pursuant to 11 U.S.C. §506 and Federal Rule of Bankruptcy Procedure 7001.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §1409.

3

3. This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b) (2) (E) and (b) (2) (H) in that it is an action to recover property of the bankruptcy estate, and to avoid and recover fraudulent conveyances. This is a core proceeding as it involves defendants' breaches of the provisions of the automatic stay, 11 U.S.C §362(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b), and jurisdiction exists pursuant to 11 U.S.C. § 502 (a) and (b) (1), 11 U.S.C. § 544 (a) (3) and (b) (1), 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state law claims.

## PARTIES

4. Plaintiff ALTON KING JR. [hereinafter: "King"] is an individual, at all material times a resident of the State of Massachusetts. Plaintiff King is a debtor of the within-captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 13, 2022 [hereinafter: "the King Bankruptcy Case"] in the District of Massachusetts, Case Number: 22-bk-30373.

5. Plaintiff is and at all times mentioned herein is the owner and builder of real property known as 49 Memery Lane, Longmeadow, Massachusetts 01106.

6. Defendant JAMES COOMBS [hereinafter: "Coombs"] is a natural person who upon information and belief resides in Massachusetts, and holds himself forth as a realtor of great and exceptional skill and experience therein. Defendant Coombs maintains an office and a place of business at **136 Dwight Rd, Longmeadow, MA 01106**. Defendant further holds himself forth as a person of great personal rectitude and moral probity, and invites the public at large to repose their faith, trust and confidence in Defendant Coombs.

7. Defendant COLDWELL BANKER LLC [hereinafter: defendant "Coldwell"] is, upon information and belief, a corporation formed under the laws of the State of Delaware and

4

registered to do business in the State of Massachusetts under Registration with the Massachusetts Secretary of State under identification number 001234362. Defendant COLDWELL maintains its principal place of business at 175 Park Avenue, Madison, New Jersey 07940. Defendant Coldwell further maintains a local place of business in and within this District at **136 Dwight Rd, Longmeadow, MA 01106.**

8.   Defendants JOHN DOES 1-50 are persons and entities undetermined or unknown who are substantively co-conspirators in the matters of theft, deceit, conversion, and secreting of the property of the bankruptcy estate and of the Debtor, and liable to Debtor for their acts. Plaintiff seeks leave of this Court to add these unknown persons as Defendants as their identities become known.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.   The entity "Select Portfolio Servicing, Inc." [hereinafter: "SPS"] is, upon information and belief, an enterprise currently located in Utah, in a suburb of Salt Lake City therein. SPS is the reincarnation of Empire Capital Co. of Washington State; Empire Capital was prosecuted by the State regulators for mortgage fraud and abuse, and fined $50 million dollars. Instead of paying the fine, the principals of Empire Capital loaded up a fleet of trucks with the various papers and filing cabinets of Empire, and skedaddled over the Border to Utah, where the same operation was re-started, this time as "SPS."

10.   "SPS" was subsequently bought by purchase of its shares of stock by Credit Suisse, the disreputable bank of Switzerland that is the go-to bank for European gangsters, Russian money-launderers, and assorted criminal scum. Credit Suisse purchased "SPS" to provide an opaque veil of innocent opacity over their predatory lending activities in the United States, which Credit Suisse saw as a highly profitable venture. Credit Suisse also purchased the

5

Wall Street speculator enterprise "Donaldson Lufkin Jenrette," in order to acquire the personnel therein who had developed expertise in the construction of unregulated securities, consisting of valueless certificates sold to unsuspecting investors. Credit Suisse has since been indicted and convicted of various frauds and breaches of United States banking regulations, leaving it today as a convicted felon corporation.

11. Upon information and belief, "SPS" hired defendants COOMBS and COLDWELL herein, after noting that the plaintiff was eighty years old and a target for exploitation and abuse, to be looted for his assets with impunity.

12. "SPS" then instituted litigation against Plaintiff KING, while disguising its participation by instructing filing counsel that the plaintiff was the entity "Bank of New York Mellon." In fact, BONY Mellon had no knowledge that SPS was using the rental of its name to perpetrate various frauds across the country. In the alternative, BONY Mellon could reasonably have known that a scurrilous and disreputable outfit like SPS would misuse the name rental of BONY Mellon to perpetrate deceits, yet chose to ignore the abuses and close its eyes to the consequences thereof, in exchange for a fee.

13. The upshot of this chain of events was that defendants COOMBS and COLDWELL became the "point-men" in the predations of plaintiff KING, and financed the predatory acts of defendants herein.

14. Under the pressures of the assaults described above, plaintiff KING ultimately file for protection under Title 11 of the United States Code, whereupon defendants COOMBS and COLDWELL installed the lock-out lock-box upon plaintiff's door, and seized his Personalty and realty for the purpose of unjustly enriching themselves, to the harms, losses and injuries of plaintiff KING.

## COUNTS

**FIRST COUNT**     **Plaintiff's Count for Statutory Theft**
                    **[as to all defendants]**

1. Plaintiff re-alleges each of the previous allegations as if set forth fully herein.

2. The acts and practices of the defendants and each of them were designed with the specific and deliberate intent of wresting away the Properties of the Plaintiff.

3. In Massachusetts, an action for civil theft provides for treble damages.

4. Defendant James Coombs takes the attitude that a license to practice real estate in Massachusetts is a license to steal; that a realtor may commit the crime of larceny of another's property with impunity, safely cloaked in the guise of acting as a purported agent for the entity SPS. James Coombs' attempt to hide behind the skirts of SPS to avoid the consequences of his despicable conduct, however, takes the misconduct a bridge too far, and is contrary to the public policy underlying the realtor licensing.

5. Real property can be the object of a civil theft, as " 'Property' means any money, personal property, real property, thing in action, evidence of debt or contract, or article of value of any kind." (Emphasis added.) <u>Barretta v. Barretta</u>, No. CV09-5009664-S, 2011 WL 4031197, at *6 (Conn. Super. Ct. Aug. 18, 2011).

6. At all material times, the Defendants, their agents and servants, and each of them knew, ought to have known, or could reasonably have foreseen the fact that civil theft is, at its core, a crime. Civil theft committed via litigation implicates the improper use of the judicial system.

7. By changing out the locks and installing a realtor lock-box containing the key, access to which was denied the Plaintiff, defendants COOMBS and COLDWELL and each of

7

them knew full well that they had already wrongfully deprived Plaintiff of ownership of his Property. Plaintiff seeks money damages, treble damages for civil theft, common law punitive damages for civil theft in an amount set by this Court as proper, and in the amount of plaintiff's attorney's fees, interest from the date of the civil theft, the costs of this action, and such other and further relief to which plaintiff King may be entitled at law or in equity.

**SECOND COUNT**       **Count for theft and secreting of Federal Identification Papers. [As against all Defendants]**

1 – 7.   Paragraphs 1 through 7, inclusively, are hereby referenced as if fully set forth as paragraphs 1 through 7, respectively, of this the Second Count of the Complaint.

8.   Included in the possessions of Plaintiff which the Defendant COOMBS seized, secreted and hid from Plaintiff, was a security folder containing the Passport and various other Federally-issued identification documents.

9.   The Passport and documents are necessary for Plaintiff to travel across international borders, and to apply for visas, and to apply for permanent-resident status in other Countries.

10.   At all material times, defendant COOMBS knew, ought to have known, or could reasonably have foreseen that the cartons of papers that he had seized and secreted away, detained from Plaintiff, and refused to allow plaintiff access to, would contain his Passport.

11.   At all material times, defendants and each of them knew, ought to have known, or could reasonably have foreseen that Plaintiff, at age eighty (80), would be a man of limited means and a meager social-security income. At all material times defendants and each of them knew that the meager income would be insufficient to permit Plaintiff to purchase either an alternative home or to obtain a rental home or apartment in this District.

12. At all material times, defendants and each of them knew, ought to have known, or could reasonably have foreseen that Plaintiff could and would secure a decent substitute apartment in Portugal, affordable on Plaintiff's limited social-security income, and to have travelled to Portugal to secure a new home, had Plaintiff had possession of his Passport and Federal identification papers.

13. At all material times, defendants and each of them knew, ought to have known, or could reasonably have foreseen that Plaintiff could and would have been eligible and able to recure a permanent-resident visa to retire in Portugal in comfort and dignity had Plaintiff possession of his Passport and Federal identification papers.

14. Defendant COOMBS is not a Federal border-control Officer and has no legal authority to retain a federally-issued Passport of Plaintiff.

15. Defendant COLDWELL is not a Federal border-control Agency and has no legal authority to retain a federally-issued Passport of Plaintiff.

16. Nonetheless, and in spite of a complete lack of authority, defendants and each of them seized and retained Plaintiff's Passport, and secreted the Passport from Plaintiff, and have flatly refused to return the Passport to Plaintiff.

17. The taking of Plaintiff's Passport is a criminal offense, for which damages are sought and appropriate for compensation for the crimes of Defendants and each of them.

18. Defendants, in their individual and collective hubris, arrogance, and insolent disdain for Debtor, plaintiff herein, would prefer to see debtor go sleep in a makeshift bedroll under a bridge this Winter, in a makeshift tent or cardboard refrigerator box, rather than release Plaintiff's Passport to him so that Plaintiff can retire in comfort an decency in Portugal. For this abuse, arrogance, deceit, disdain and insolence towards Debtor, the plaintiff seeks damages of

four million dollars from defendant COOMBS, and for fifteen million dollars from defendant COLDWELL, each to their respective participation in the thefts and inclusive of punitive damages for the theft of passport of Plaintiff Debtor, to deter such reprehensible misconduct in the future.

**THIRD COUNT**        Count for racketeering.
                      [as against all defendants]

1 - 12. Paragraphs 1 through 9, and 14 through 16, inclusively, of the Second Count of the Complaint are hereby incorporated by reference as if fully set forth as paragraphs 1 through 12, respectively, of this the Third Count of the Complaint.

13. The incidents of activity as described hereinabove are incidents of corrupt activity The predicate-offense list includes the three crimes mentioned above: false representation, aggravated theft, and theft from the elderly.

14. The Racketeer Influenced and Corrupt Organizations ("RICO") statute is breached by the defendants and each of them. A Finding of RICO acts is dependent on a defendant's engaging in a "pattern of corrupt activity." That pattern is amply demonstrated by the acts of seizing the home, changing the locks, installing a key "lock-box," denying Plaintiff Debtor access to the lock-box, withholding Debtor's personal goods, papers, cash, jewelry, collectibles, underwear, toiletries, medications, dishes, cutlery, food, and Passport, all taken together and in concert by defendant COOMBS under the direction, supervision and control of defendant COLDWELL, and seizing and secreting away the above-mentioned property, all constituting a series of racketeering acts and practices taken under the direction of "SPS" and ultimately for the benefit of the defendants and "SPS," and to the harms, losses and injuries of plaintiff, the Debtor before this Federal Bankruptcy Court.

15. At all material times, defendant had actual knowledge that Plaintiff was a filed Debtor before the United States bankruptcy Court and that the automatic-stay provisions applicable in the circumstance that pertain utterly barred defendants from the course and course of action they undertook against Plaintiff, by operation of law, yet nonetheless in a gesture of insolence and impunity proceeded in their egregious course of misconduct as set forth herein.

16. Defendant COLDWELL is a gigantic powerhouse in the real-estate world and considers fines and sanctions to be trivial business expenses, undertaken in the course of its ordinary bullying conduct, and typically expenses the charges against gross payments due to others, so as to effectively incur no costs for its misconduct.

17. Substantial punitive damages are necessary and proper in order to deter future racketeering behavior of defendants.

18. Defendants and each of them, jointly and severally, is liable to Plaintiff for damages, compensatory damages, general damages, and punitive damages, claimed by Plaintiff to be set at fifty-three million dollars, an amount sufficient to deter defendants from engaging in such racketeering conduct in the future.

**FOURTH COUNT**     **Count for aggravated theft from the elderly.**
                    **[as against all defendants]**

1 – 12. Paragraphs 1 through 9, and 14 through 16, inclusively, of the Second Count of the Complaint are hereby incorporated by reference as if fully set forth as paragraphs 1 through 12, respectively, of this the Fourth Count of the Complaint.

13. At all material times, defendants and each of them knew, ought to have known, or could reasonably have foreseen that the target of their thefts, the Debtor and Plaintiff King herein, was an elderly person.

14. In fact, Plaintiff King is over the age of eighty (80) years, and appears so to even the untutored eye.

15. Theft committed against a person over the age of sixty-five (65) years is classified as a felony crime of aggravated theft from an elderly person.

16. Defendants seized and retained and refused to return the Plaintiff Debtor's cash funds, his liquid assets, his passport, his Social Security Awards letter, his various identification papers, his medications, his food, his banking papers, his legal papers and files, his typewriter, his underwear and socks, his toothbrush, and all his worldly goods, leaving the elderly Plaintiff at age eighty with nothing more than the clothes on his back and what he could carry in his elderly and crippled hands, and expelled Plaintiff from his home by changing the locks and retaining the key, all while Plaintiff was a filed debtor under the protection of this Federal Bankruptcy Court, and left to rot under a bridge in the cold of night, a disdain and insolence so utterly appalling, and flagrantly violative of debtor's rights under applicable bankruptcy law including but not limited to 11 USC 362(a), all of which aggregately are and constitute theft by taking and secreting of the property of a person over the age of sixty-five.

17. The acts as described hereinabove reek of rank callousness and are and constitute the acts of aggravated theft from the elderly, undertaken by defendants with no regard to the harms, losses and injuries inflicted upon the Debtor.

18. At all material times, the Debtor was under the protection of this Federal Bankruptcy Court, and defendants and each of them were in violation of the provisions of the automatic stay, Title 11, USC Sec 362(a), which the offending Defendants herein knew.

19. The defendant COLDWELL is a huge billion-dollar corporation, and itself a subsidiary corporation of the entity "Realogy Holdings Corp.," another billion-dollar

corporation, which again is owned by "Anywhere Real estate," a mega-billion dollar corporation. These entities, so structured for tax-avoidance and tax-evasion purposes, view Court Sanctions fines as trivial costs of doing business, vastly overshadowed by the profits developed in theft of realty and personalty. Accordingly, only very large Sanctions can be expected to deter defendants from their continuing course of conduct in theft from the elderly and other victims of their criminal acts.

20. Defendants and each of them are liable to Plaintiff for aggravated theft from an elderly person, for which Plaintiff demands damages, general damages, special damages, and compensatory and punitive damages from each of Defendants, jointly and severally.

**FIFTH COUNT**     **Count for Injunctive relief**
                    **[as against all defendants]**

1 - 14. Paragraphs 1 through 12, paragraphs 14 and 16, inclusively, are hereby referenced as if fully set forth herein as paragraphs 1 through 14, respectively, of this the fifth Count of Plaintiff's Complaint.

15. Plaintiff seeks Injunctive Relief against Defendants by way of Injunction, Ordering Defendants to surrender the key to the lock-box containing the key to Plaintiff's home and Ordering Defendants to remain off the subject Property, and to restore to Plaintiff whatever goods have been removed from the Property, failing which Defendants shall be obliged to arrive before the Court on date certain to Show Cause why they should not be held in Contempt.

WHEREFORE, PLAINTIFF CLAIMS:

1. Judgment for Plaintiff and against Defendants on each Count of the Complaint;
2. A Finding of theft of Plaintiff's Property;
3. A Finding of aggravated theft realty and of Federal Passport and identification papers, with a value of over one million dollars;
4. A finding of theft of property of the elderly in excess of $100,000;
5. A Finding of Racketeering as against all defendants;
6. A Finding of damages for thefts against defendant JAMES COOMBS in the amount of four million dollars ($4,000,000.);
7. A Finding of damages for thefts against defendant COLDWELL in the amount of fifteen million dollars ($15,000,000.);
8. A Finding of exemplary and punitive damages against each defendant jointly and severally for fifty-three million dollars ($53,000,000.) for racketeering violations;
9. A Finding of general damages and exemplary and punitive damages for aggravated thefts from the elderly in an amount to be set by the Court, sufficient to deter defendants from further misconduct and criminal activity;
10. Injunctive relief to be issued in favor of Plaintiff and against defendants for return of Plaintiff's Property;
11. Plaintiff's costs and attorney fees on an attorney-client basis;
12. Plaintiff's hotel housing costs as engaged by Plaintiff and his welfare donors;
13. A Finding and Award for plaintiff's food, spoiled by the craven acts of defendants and each of them.

BY THE PLAINTIFF,

_____
ALTON KING JR.,
DEBTOR AND PLAINTIFF
c/o 648 Roosevelt Avenue
Springfield, MA 01118

14